UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:03CV34-3-MU

| | |
|---|---|
| KAM RICHARD CARPENTER,  ) | |
|  ) | |
| Petitioner,  ) | |
|  ) | |
| v.  ) | **O R D E R** |
|  ) | |
| SIDNEY D. HARKLEROAD,  ) | |
| Superintendent of Marion Correctional  ) | |
| Institution  ) | |
|  ) | |
| Respondent.  ) | |
| _____) | |

**THIS MATTER** is before the Court upon Petitioner Kam Richard Carpenter's (hereinafter "Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Document No. 1.) Also before the Court is the State's Motion for Summary Judgment (Document No. 5.)

**I. Procedural Background**

Petitioner was convicted after trial by jury of five counts of indecent liberties and three counts of first degree sexual offense in cases 97 CRS 150136-146 and was sentenced to 433-539 months imprisonment, a concurrent life sentence and a 31-38 month sentence. On December 4, 2001 the North Carolina Court of Appeals issued a published opinion finding no error, with the Supreme Court of North Carolina denying further review on January 31, 2002 and the Supreme Court of the United States denying certiorari on June 28, 2002 and denying rehearing on August 26, 2002. State v. Carpenter, 147 N.C. App. 386 (2001), appeal dismissed and discretionary review denied, 355 N.C. 217, cert. denied, 537 U.S.967, rehearing denied, 536 U.S.983 (2002). Petitioner filed a Motion for

Appropriate Relief (MAR) on September 20, 2002 in the Superior Court of Mecklenburg County. Judge Shirley Fulton summarily denied the MAR by order dated September 30, 2002. On October 14, 2002 Petitioner filed a certiorari petition in the Court of Appeals which was denied on October 30, 2002. Petitioner then filed a certiorari petition to the Supreme Court of North Carolina on November 5, 2002, which was dismissed on December 19, 2002. Petitioner filed the instant federal habeas petition on January 15, 2003.

By the instant habeas petition, Petitioner contends that; (a) the trial court violated his right of due process and equal protection by admitting irrelevant evidence outside the time frame established by the bill of particulars; (b) the prosecution failed to disclose the specific nature of the uncharged conduct of Petitioner and the victim in violation of due process and the right of confrontation; (c) the prosecution violated Petitioner's due process and equal protection rights by flaunting the details of the 404(b) evidence; (d) the prosecution violated Petitioner's right of due process and equal protection by presenting 404(b) evidence to prove his theory of Petitioner's propensity to commit the crime charged; (e) the convictions were obtained in violation of Petitioner's right against double jeopardy, his right to equal protection and right against cruel and unusual punishment; (f) he was subjected to vindictive prosecution during sentencing by the prosecutor and the trial court; (g) the prosecution failed to provide Petitioner with discoverable material as ordered by the trial court in violation of due process; (h) the trial court erred in allowing the state's expert to present an opinion without prior disclosure and failed to find the prosecution in contempt of a previous court order and sanction the prosecution thus violating Petitioner's right of due process; (i) the convictions were obtained in violation of Petitioner's right of confrontation and compulsory process; (j) the prosecution violated Petitioner's right against double jeopardy by using a crime he had already been convicted of to prove

his current crimes; (k) the convictions were obtained by the use of tainted/perjured testimony in violation of due process; and (l) the trial court erred by refusing Petitioner's requested jury instruction on the victim's failure to report.

**II. Standard of Review**

Generally speaking, the standard of review to be applied by the Court to habeas cases is "quite deferential to the rulings of the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001). Indeed, as the Burch Court noted:

> [p]ursuant to the standards promulgated in 28 U.S.C. § 2254, a federal court may not grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court proceedings unless the state court's adjudication; (1) "resulted in a decision that was contrary to, or involved as unreasonable application of, clearly established Federal laws, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ."

Id. (Internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch. An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. Id.

Finally, the applicable standard of review is to be applied to "all claims 'adjudicated on the

3

merits," that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.2d 445, 455 (4th Cir. 1999).

### III. Analysis

**A. Claim that Trial Court Admitted Irrelevant Evidence Violating His Due Process and Equal Protection Rights is Procedurally Barred and Not Cognizable on Federal Habeas Review**

As his first claim for relief, Petitioner argues that the trial court violated his right of due process and equal protection by admitting irrelevant evidence outside the time frame established by the bill or particulars. Petitioner did not raise this issue on direct review. Instead he raised it in his subsequent MAR. In her order denying Petitioner's MAR, Judge Fulton summarily denied the MAR alternatively on grounds of procedural bar and on its merits as follows:

> [t]his Court denies Defendant's Motion for Appropriate Relief. Defendant's case has already been to the Court of Appeals. All issues raised in this Motion could have previously been addressed. Further, the Defendant fails to state a claim upon which relief can be granted. The Defendant's motion is therefore DENIED.

Judge Fulton's statement that the case had been to the Court of Appeals and all issues could have been previously addressed, must be construed as an invocation of North Carolina's mandatory state post-conviction procedural bar statute. The procedural default rule of N.C.G.S § 15A-1419(a) and (b) (1999) is an adequate and independent state ground precluding federal habeas review. See Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998) ("The state procedural rule applied in this case, North Carolina General Statutes § 15A-1419(a)(3), is an independent and adequate state ground."), cert. denied, 525 U.S. 1155 (1999); Boyd v. French, 147 F.3d 319, 332 (4th Cir. 1998) ("This court has consistently held, however, that § 15A-1419(a) is an adequate and independent state-law ground

4

for decision foreclosing federal habeas review.", cert. denied, 525 U.S. 1150 (1999). Petitioner's claim, that the trial court violated his right of due process and equal protection by admitting irrelevant evidence outside the time frame established by the bill of particulars, the substance of which was also raised in his MAR, was denied on the alternative grounds of procedural bar pursuant to N.C.G.S. 15A-1419, which is an independent and adequate state ground precluding federal habeas review. Therefore, this claim is procedurally barred from federal habeas review. Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

Furthermore, Petitioner's contention is not cognizable on federal habeas review. The substance of Petitioner's claim is that the trial court improperly admitted substantial evidence that he committed other uncharged sexual abuse against the victim. He claims this evidence was beyond the scope of the bill of particulars. He also claims that some of the uncharged sexual abuse occurred more than one year after the crimes charged. However, the admission or exclusion of evidence at a state criminal trial is not cognizable on federal habeas review unless it violates a specific constitutional provision or is so egregiously wrong as to violate due process. See Howard v. Moore, 131 F.3d 399, 415 n.18 (4th Cir. 1997), cert. denied, 525 U.S. 843 (1998). Here, no violation of any specific constitutional provision has been shown and no fundamental unfairness has been established.

**B. Claim that State Failed to Disclose Specific Nature of Uncharged Conduct is Procedurally Barred**

Next, Petitioner contends that the prosecution failed to disclose the specific nature of the uncharged conduct of Petitioner and the victim in violation of due process and the right of confrontation. Petitioner did not raise this issue on direct appeal. Instead, he raised it in his subsequent MAR. Therefore, for the same reasons and authorities set forth above in section A, this

claim is also procedurally barred from federal habeas review.

### C. Flaunting of 404(b) Evidence Claim is Procedurally Barred

Petitioner claims that the prosecution violated his due process rights by flaunting the details of the 404(b) evidence. Petitioner asserts that the prosecution should not have been permitted to elicit details of the prior, similar sex crimes he committed against two other children. Instead, the state should have only been able to elicit the name, date and disposition of the prior sex crime convictions.

On direct appeal, Petitioner alleged that the trial court erred by admitting into evidence testimony about his prior sex crime convictions. He raised the issue as a state law issue and did not cite to federal law or to the United States Constitution. In his MAR, Petitioner raised the 404(b) issue for the first time in a federal context. In his MAR, Petitioner framed his 404(b) claim by stating the "prosecution violated the Defendant's Right of Due Process and Equal Protection Clauses Amend V and VIV of the U.S. Const. In that when presenting 404(b) evidence prosecution flaunted the details, further in violation of N.C. Const. Art. 1." (Petitioner MAR Brief at 4.) The state argues that the issue Petitioner raised on direct appeal was much broader and a significantly different claim than that raised in the instant federal habeas petition, which is much more limited, and therefore this Court should conclude this claim in the instant petition is procedurally barred. This Court agrees with the state's argument. Petitioner raised a 404(b) argument on direct appeal, but he failed to cite to any federal law or to frame his issue as a constitutional challenge. Then in his MAR and now in the instant Petition, Petitioner raised a claim related to the admission of 404(b) evidence but this time stated that because of the admission of this evidence his right of due process and equal protection

were violated.[1] The claim raised in Petitioner's MAR is substantially different than that raised on direct review. See Baker v. Corcoran, 220 F.3d 276 (4th Cir. 2000). If a petitioner attempts to raise state and federal issues serially (on direct review and collateral review, respectively), the federal issue will not be reviewed if the state court deems it defaulted. See Breard v. Pruett, 134 F.3d 615, 621 (4th Cir. 1998).

As has already been stated, Judge Fulton summarily denied the MAR alternatively on grounds of procedural bar and on its merits. Judge Fulton's statement that the case had been to the Court of Appeals and all issues could have been previously addressed, must be construed as an invocation of North Carolina's mandatory state post-conviction procedural bar statute. The procedural default rule of N.C.G.S § 15A-1419(a) and (b) (1999) is an adequate and independent state ground precluding federal habeas review. See Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998) ("The state procedural rule applied in this case, North Carolina General Statutes § 15A-1419(a)(3), is an independent and adequate state ground."), cert. denied, 525 U.S. 1155 (1999); Boyd v. French, 147 F.3d 319, 332 (4th Cir. 1998) ("This court has consistently held, however, that § 15A-1419(a) is an adequate and independent state-law ground for decision foreclosing federal habeas review.", cert. denied, 525 U.S. 1150 (1999). Petitioner's claim, that the trial court violated his right of due process and equal protection by admitting details of 404(b) evidence, the substance of which was also raised in his MAR, was denied on the alternative grounds of procedural bar pursuant to N.C.G.S. 15A-1419,

---

[1] Simply labeling an issue a federal issue does not make it such. As has previously been stated in this Order, the admission or exclusion of 404(b) evidence is a state law issue and as such it is not cognizable on federal habeas review unless it violates a specific constitutional provision or is so egregiously wrong as to violate due process. Howard v. Moore, 131 F.3d 399, 415 n.18 (4th Cir. 1997). Petitioner has set forth no evidence indicating that the admission of the 404(b) evidence was so egregiously wrong as to violate his due process rights and the Court can see none.

which is an independent and adequate state ground precluding federal habeas review. Therefore, this claim is procedurally barred from federal habeas review. Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

**D. 404(b) Evidence of Uncharged Act with Same Defendant is Procedurally Barred**

Petitioner claims that the prosecution violated his right of due process and equal protection by presenting 404(b) evidence of uncharged acts he allegedly committed against the victim to demonstrate his propensity to commit the crimes charged. This is essentially a rephrasing of the claim raised in the section A above and for the reasons previously stated in section A above, this claim is procedurally barred.

**E. Double Jeopardy Claim is Procedurally Barred**

Petitioner claims that his convictions were obtained in violation of his right against double jeopardy, equal protection and right against cruel and unusual punishment. In support of this contention, Petitioner asserts that his first degree sexual offense convictions were based on the same conduct as his indecent liberties convictions.

Petitioner did not raise this issue on direct appeal, but instead raised it in his MAR. Therefore, for the same reasons and authorities as discussed in section A above, Petitioner's double jeopardy claim is procedurally barred.

**F. Petitioner's Contentions (f), (g), (h), (I),( j) and (k) Are All Procedurally Barred**

Petitioner's claims f through k are all claims that were not raised on direct review but instead were raised for the first time in his MAR. Therefore, for the same reasons and authorities as discussed in section A above, Petitioner's claims f through k are procedurally barred.

**G. Failure to Give Requested Jury Instruction Claim Does Not Warrant Habeas Relief**

As his final claim, Petitioner contends that the trial court erred by refusing to give his requested jury instruction on the victim's failure to report. Petitioner did raise this issue on direct appeal and the Court of Appeals adjudicated and denied this contention on its merits as follows;

> Defendant next argues that the trial court erred in denying his request for an instruction on the complainant's failure to report the conduct. Defendant requested that the jury be instructed that Bobby's failure to report the abuse could be considered on the question of Bobby's credibility as a witness. The requested jury instruction provided the following:
>
> The defense contends that Bobby [] contends that Bobby [] failed to make any out cry [sic] at the time of the alleged indecent liberties and sex offenses; in addition, the defense contends that [Bobby] failed to report the alleged indecent liberties and sex offenses until several years after it occurred.
>
> If you find from the evidence that [Bobby] made no out cry [sic] at the time of the alleged indecent liberties and sex offense, or that he failed to report the alleged incidents until several years had passed, then those are factors that you can consider in determining the credibility of his testimony.
>
> "It is well established that when a defendant requests an instruction which is supported by the evidence and is a correct statement of the law, the trial court must give the instruction, at least in substance." State v. Garner, 340 N.C. 573, 594, 459 S.E. 2d 718, 729 (1995), cert. denied, 516 U.S. 1129, 133 L. Ed. 2d 872, 116 S.Ct. 948 (1996). Defendant relies on State v. Dill, 184 N.C. 645, 113 S.E. 609 (1922) to support his argument that the requested instruction was required by law. His reliance on Dill is misplaced. In Dill, the prosecuting witness delayed for several days in reporting her rape. The trial court instructed the jury that the alleged victim's delay in reporting should be considered in determining her credibility but that "'the mere fact that she delayed in making her statement does not itself discredit her testimony.'" Dill, 184 N.C. at 649, 113 S.E. at 612. Thus, in essence, the trial court instructed the jury to consider the evidence of the alleged victim's delay in reporting the crime when determining credibility but balancing that evidence with all circumstances which may explain such a delay.
>
> The North Carolina Supreme Court found no error in the trial court giving such an instruction.
>
> Defendant seems to suggest that the holding in Dill should be interpreted to mean that if requested, a delayed reporting instruction is required in child sexual abuse cases. We disagree and find that the case sub judice that the trial court properly charged the jury on the "tests of truthfulness" which should be applied to witnesses. The jury was instructed to apply a balancing test similar to Dill by considering whether the witness's testimony is reasonable and consistent with other believable evidence in the case. Therefore, we conclude that the jury

9

was adequately instructed in determining the credibility of the alleged victim and we find no error in the court's refusal of the instruction.

(Court of Appeals Decision at 7.)

On collateral attack of a state conviction, the role of the reviewing court is limited and the inquiry is narrow. When faced with an issue of improper jury instruction in the context of a 2254 petition, the Court must consider "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process," not "whether the instruction is undesirable, erroneous, or even universally condemned." Cupp v. Naughten, 441 U.S. 141, 146-147 (1973). However, the burden of demonstrating that a particular instruction was so prejudicial that it supports a collateral attack on a state court's judgment is even greater than the showing required for plain error on direct appeal. Henderson v. Kibbe, 431 U.S. 145, 154 (1977).

The instruction defendant requested had to do with delayed reporting. Petitioner requested that the jury be instructed that a delay in reporting the alleged crime should be considered when determining the victim's truthfulness. In this case, Petitioner's burden is especially heavy because no erroneous instruction was given; Petitioner's claim is simply that his instruction regarding delayed reporting was not given. However, while the trial judge did not give the instruction Petitioner requested, he did instruct the jury that they should consider whether the witness's testimony is reasonable and consistent with other believable evidence in the case. The fact that the victim delayed in reporting the crime for two years was evidence that came out during the trial and was evidence that the defense attorney focused on during her closing argument. (Transcript Volume III at 1153.) Therefore, the jury was well aware of the fact that the victim failed to report the alleged sexual abuse for two years. The jury was also instructed that they could consider whether the victim's testimony

10

was consistent with other believable evidence in the case.

Here, Petitioner has certainly not met this burden. Petitioner has not even come close to establishing that the failure to instruct the jury on his requested instruction regarding delayed reporting rendered his trial fundamentally unfair. Petitioner has not established that the failure of the trial judge to give his requested jury instruction on the victim's delayed reporting "so infected the entire trial that the resulting conviction violated due process." Cupp v. Naughten, 414 U.S. 141, 147 (1973). Therefore, Petitioner is not entitled to habeas corpus relief. See Cooper v. North Carolina, 702 F.2d 481 (4th Cir. 1983).

### IV. Order

For the foregoing reasons, it is hereby ordered that the Respondent's Motion for Summary Judgment is **GRANTED** and Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED**.

**Signed: December 19, 2005**

Graham C. Mullen
Chief United States District Judge